## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

In re Estate of Walter E. Sampson

October 29, 1984

Case No. (Fiduciary) 9977

By JUDGE ALBERT H. GRENADIER

This case came on to be heard the 24th day of October, 1984, upon the motion of counsel for the defendant Finch for sanctions under Rule 4:12 of the Rules of Court. The Court has read the deposition in question and has considered the arguments of counsel.

It is the opinion of the Court that although some of the questions propounded were clearly irrelevant to the issues in this case, in the absence of some valid claim of privilege counsel for the petitioners does not have the right to order the witness not to answer such questions. No such valid claim of privilege exists in connection with this deposition.

The correct procedure is for counsel to note his objection, have the witness answer the question and have the court rule upon the objection later. This procedure obviates the need to reconvene the parties for a second deposition.

The name of the witness's wife and the number of his children is clearly irrelevant. What the witness does in other cases is likewise irrelevant. The address of Ms. Gordon is the subject of an appropriate inquiry. Any questions that go to the issue of possible bias on the part of the witness are also admissible. At the hearing counsel for the petitioners agreed to furnish the names of other cases the witness has been involved with and the courts before which those proceedings took place. It may also be relevant to inquire as to the fees received by the witness for his services in such cases. Mr. Dively's fees, however, are not an appropriate subject of inquiry.

Accordingly, the Court will impose as sanctions against Mr. Dively the cost of reconvening and completing the deposition of Mr. Atkins, including an attorney's fees of $100.00.